HELEN MINGOES, ADMINISTRATRIX, APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Argued March 13, 1916—Decided June 19, 1916.

1. The submission of testimony on rebuttal of evidence which related to plaintiff's main case is a matter for the discretion of the trial court.
2. Where no objection is made to a question asked a witness, and the answer is responsive, the motion to strike out part of the answer was properly denied.

On appeal from the Hudson Circuit Court.

For the appellant, *Alexander Simpson.*

For the respondent, *Charles E. Miller* (*George Holmes* on the brief).

The opinion of the court was delivered by

GARRISON, J.    This action was instituted in the Circuit Court to recover damages under the Death act.    The negligence charged in the complaint was in the blowing of a locomotive whistle in an unreasonable way.    There was a verdict in favor of the defendant and from the judgment entered thereon this appeal was taken by the plaintiff.

The grounds for reversal argued by appellant's counsel are, first, that it was error to overrule a hypothetical question put by plaintiff below to a medical witness concerning the mental condition of the defendant's locomotive engineer on November 2d, 1914, the day of the accident.    This testimony was offered upon rebuttal; it had reference to the accident set forth in the complaint and it was therefore the duty of plaintiff to offer it on his main case.    The overruling of such testimony is a matter of discretion.    Moreover the complaint does not allege that the engineer was an unfit person to be employed by the defendant or charge any negligence in that respect.    The fact that the question tended to contradict defendant's witnesses upon immaterial points did not remove it from the class of discretionary rulings.

There was no error in the ruling.    The second ground is that the court ruled that a certain question was not objectionable as leading.    This also was a discretionary matter.

The third ground is that the court refused to strike out a part of an answer given by a witness.    The question put to the witness by defendant's counsel was, "While you were with him (the engineer), did he appear to you to be a bright or a dull man?"    This was not objected to.    The answer of the witness was, "Well, of course, everybody has their opinion. He seemed to me to be a very sure man in my eyes.    I took him for a model."    It is this last sentence that counsel for the plaintiff moved to have struck out.    Taken in connection

with the question the answer meant a model of brightness, hence it was responsive, and even if not, it was relevant. The question called for an opinion on the question of brightness and was not objected to. There was no error in the denial of the motion.

Finding no error in any of the grounds of appeal that have been argued, the judgment of the court below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.